UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WELDON TWO BULLS,<br><br>Defendant. | 5:18-CR-50166-RAL<br><br><br>OPINION AND ORDER<br>DISMISSING COUNT I OF<br>SUPERSEDING INDICTMENT |

Defendant Weldon Two Bulls (Two Bulls) filed a Motion to Dismiss Count I, Doc. 73, and a memorandum arguing for dismissal of the count with prejudice, Doc. 74. The Government then filed a Motion to Dismiss Count I of the Superseding Indictment, Doc. 75, without prejudice. Neither Two Bulls nor the Government invoked any authority for whether the dismissal should be with or without prejudice to refiling.

Two Bulls' argument for dismissal of Count I asserts a violation of the Speedy Trial Act, 18 U.S.C. § 3161(e), in that Two Bulls was not retried within 70 days of when this Court's order declaring a mistrial—based on a hung jury on Count I, see Docs. 66, 71—became final. Whether to dismiss Count I with or without prejudice under the Speedy Trial Act requires this Court to "consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2).

This Court detailed the facts and circumstances of this case in the Opinion and Order Granting Rule 29 Motion for Judgment of Acquittal on Count II and Mistrial on Count I, Doc. 71, and will not repeat its summary and analysis of the case herein. The remaining count—Count I—alleges accessory after the fact against Two Bulls in connection with life-threatening injuries sustained by Sheena Between Lodges sometime in early November of 2018. That is a serious offense, even considering some difficulties in proof faced by the Government. The facts and circumstances that led to the delay in retrial include a jury being unable to reach a unanimous verdict on whether Two Bulls was guilty or not guilty of being an accessory after the fact. In addition, this Court had issued an Opinion and Order detailing the facts and law on Count I suggesting that the Government "should think long and hard about whether retrial of the accessory after the fact charge serves the interests of justice." Doc. 71 at 20. Whether a re-prosecution of the accessory after the fact charge as alleged serves or disserves the administration of justice is debatable, but as this Court noted, Two Bulls made statements during his initial November 6, 2018 interview that were inconsistent with his subsequent, apparently more candid, interview of November 21, 2018, and made statements to two witnesses indicating he knew what happened to Between Lodges. Doc. 71. The Government had and has reason to question Two Bulls' motives and whether he was covering up for Lakota or Larvie or both.

The Supreme Court of the United States has identified another factor for a district court to consider in deciding whether a dismissal under the Speedy Trial Act should be with or without prejudice—the presence or absence of prejudice to the defendant resulting from the violation of the Speedy Trial Act. United States v. Taylor, 487 U.S. 326, 334 (1988); see United States v. Elmardoudi, 501 F.3d 935, 941 (8th Cir. 2007); United States v. Becerra, 435 F.3d 931, 935 (8th Cir. 2006). Here there is no particular prejudice to Two Bulls by the delay in any retrial of Count

I. The testimony of the witnesses is recorded form the first trial where the jury deadlocked on Count I, and the delay by the Government was not to gain some tactical advantage. See United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994). ("The circumstances do not favor dismissal with prejudice . . . where there is no showing that the claimed negligence was in reality an attempt to obtain a tactical advantage for the government or that the government regularly or frequently failed to meet the time limits of the Act.") Rather, at least one reason for the delay is that this Court did not on its own, as it typically would, set a trial date because this Court was unsure if the Government would want to retry Count I.

In short, this Court concludes that the factors of § 3162(a)(2) and the additional factor articulated in Taylor militate for dismissal of Count I without prejudice. Therefore, it is hereby

ORDERED that the Government's Motion to Dismiss Count I of the Superseding Indictment, Doc. 75, is granted and that Count I is dismissed without prejudice. Accordingly, it is further

ORDERED that Two Bulls' Motion to Dismiss Count I, Doc. 73, is denied as moot.

DATED this 13th day of November, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE